UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORDARO LEVILE HARDY,

               Petitioner,          CASE NO. 13-14405
                                    HONORABLE GEORGE CARAM STEEH

v.

CATHERINE BAUMAN,

               Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Cordaro Levile Hardy, ("Petitioner") was convicted in the Genesee Circuit Court of second-degree murder, assault with intent to commit armed robbery, home invasion, and felony-firearm. For the reasons stated below, the petition will be dismissed for failure to comply with the statute of limitations.

**I. Background**

Following Petitioner's conviction, he filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed in an unpublished opinion. *People v. Hardy*, No. 292998 (Mich. Ct. App. October 19, 2010). On June 25, 2012, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Hardy*, No. 144776 (Mich. Sup. Ct. June 25, 2012). Petitioner did not pursue any post-appeal relief in the state courts.

Petitioner signed the instant petition on October 15, 2013. Following preliminary review, it appeared to the Court that the petition may have been filed after expiration of the one-year statute

-1-

of limitations. The Court therefore ordered Petitioner to show cause why the petitioner was not subject to summary dismissal. On December 2, 2013, the Court received Petitioner's response to the order. The response states in full:

> I throw my mercy upon this court to recognize the error that I made the mistake of misrecognizing (sic) my deadline date. Somehow through a couple of major shakedowns at the facility I'm at, I lost my court papers with the date on it. I thought my deadline date was October 18, 2013. That's why I'm late. No excuses your Honor. I just ask for your mercy that you see fit to allow my habeas petition to be filed and not dismissed.

## II. Standard of Review

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner is whether Petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition. *Day v. McDonough,* 547 U.S. 198, 209 (2006).

## III. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. See 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). None of the other potential starting points apply to this case. Petitioner does not assert that his claims are based on previously unavailable facts or law, nor does he allege that the state created an external impediment preventing him from filing his petition. See §§ 2244(d)(1)(B)-(D).

"Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Michigan Supreme Court denied leave to appeal from Petitioner's direct appeal on June 25, 2012. Petitioner did not seek a writ of certiorari in the United States Supreme Court. His conviction became final 90 days later, when the time for filing a petition for writ of certiorari expired, on September 24, 2012. See *Jimenez v. Quarterman*,

555 U.S. 113, 120 (2009).  The limitations period began to run the next day, see Sup. Ct. R. 13.1; Sup. Ct. R. 30.1, and it then expired one year later, on September 24, 2013. Petitioner did not sign and date the instant petition, however, until October 15, 2013, after the one-year period lapsed.

The petition is therefore time barred unless Petition can demonstrate grounds for equitable tolling. *Holland v. Florida*, ___ U.S. ___; 130 S. Ct. 2549, 2560; 177 L.Ed.2d 130 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id*. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

Petitioner has not adequately explained why his petition was untimely filed. He states that he lost a paper that informed him of his deadline, and that he mistakenly thought he had until October 18, 2013. This sort of ordinary negligence does not constitute grounds for equitable tolling. If Petitioner were diligent in pursuing his rights he could have re-ascertained the deadline. Or given the fact that he knew he was relying on his memory, he could have filed the petition sooner than what he mistakenly assumed was only three-days before the deadline. Ignorance of the law is not a valid reason for equitable tolling, even for imprisoned pro se habeas petitioners. *Griffin v. Rogers*,

-4-

399 F.3d 626, 637 (6th Cir. 2005); *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003).

Lastly, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). See *Souter v. Jones*, 395 F. 3d 577, 599-600 (6th Cir. 2005). Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter*, because he has not attempted to present the Court with new, reliable evidence to establish that he was actually innocent of the crimes charged. See *Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). Accordingly, the case will be dismissed as untimely filed.

## IV. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not find the court's procedural ruling that the petition is untimely debatable. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal would be frivolous.

-5-

## V. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is

**DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to proceed

on appeal in forma pauperis is **DENIED**.

Dated:  December 16, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 16, 2013, by electronic and/or ordinary mail and also on
Cordaro Hardy #693950, Alger Maximum Correctional Facility,
Industrial Park Drive, P.O. Box 600, Munising, MI 49862 .

s/Barbara Radke
Deputy Clerk

---